People of State of Illinois, Defendant in Error, v. Willie Clymer, alias William Clymer, Plaintiff in Error.

## Term No. 45F3.

Heard in this court at the May term, 1945. Opinion filed July 7, 1945. Released for publication August 7, 1945.

HARRY FAULKNER, of Granite City, and HENRY B. EATON, of Edwardsville, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, for defendant in error; C. W. BURTON, State's Attorney, and FRED P. SCHUMAN, Assistant State's Attorney, of counsel.

MR. JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from an order of the circuit court, committing the plaintiff in error, Willie Clymer (hereinafter called defendant), to the Department of Public Safety of the State of Illinois as the result of the verdict of a jury finding the defendant "a criminal, sexual psychopathic person of the age of 41 years."

The defendant had been indicted in May of 1943 on a charge of attempted rape. In the trial of that case there was a hung jury. Thereafter, an indictment was returned charging defendant with the crime of taking indecent liberties on the person of a female child of the age of 8 years, as a result of which defendant was held in the county jail through inability to give bail. After the second indictment had been returned, a petition was filed in the county court alleging that the defendant was suffering from a mental disorder, not insane or feeble-minded, which mental disorder has

existed for a period of not less than one year prior to the filing of the petition, and that the mental disorder was coupled with criminal propensities to the commission of sex offenses. The petition prayed that two qualified psychiatrists be appointed to examine the defendant, file their report, together with their conclusions and recommendations, and that a hearing be had upon the petition before a jury. Two psychiatrists were appointed and filed their report, and the defendant was held for trial on the petition. The proceedings were had pursuant to par. 824, ch. 38, 1943 Ill. Rev. Stat. [Jones Ill. Stats. Ann. 37.665(5)]. At the trial the two psychiatrists who had examined the defendant were the only witnesses for the State. Defendant testified in his own behalf. Defendant contends that the verdict of the jury is not supported by a preponderance of the evidence as required in cases of this kind.

It is not necessary to review the evidence in detail for the purposes of this opinion, and it will suffice for such purposes to observe that the evidence produced by the State was sufficient to justify the verdict of the jury. The two psychiatrists who testified referred to specific indications which resulted from their examination of the defendant, which supported the conclusion that the requirements of the statute were complied with.

There was no objection to any of the medical testimony on behalf of the defendant at the time of its introduction in evidence. Defendant, however, raises a specific objection (also maintained by the court below) that the recorded and signed report of the doctors who testified was permitted by the court to be taken by the jury when it retired for its deliberations. While it was not proper procedure to send such report with the jury, it appears that substantial justice has been done in the case and that a reversal for the purposes of a trial with such report not being taken

by the jury would not have resulted in a different verdict (*Berry v. Breed,* 311 Ill. App. 469). It is not necessary that the record be wholly free from error if substantial justice appears to have been done.

The verdict of the jury appears to have been supported by the preponderance of the evidence, and the order of the circuit court of Madison county, Illinois, will, therefore, be affirmed.

*Affirmed.*